UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CHAD S. WILLIAMS,

                Petitioner,

      v.                                  25-CV-579-LJV
                                           ORDER
TODD K. BAXTER,

                Respondent.
_____

The pro se petitioner, Chad S. Williams, is an inmate at Mid-State Correctional Facility ("Mid-State") who has submitted a petition for a writ of habeas corpus under 28 U.S.C. § 2254.[1]  Docket Items 1 and 1-1.  He also has moved for an expedited hearing and the appointment of counsel, Docket Item 8, as well as to proceed in forma pauperis (that is, as a person who should have the prepayment of the ordinary filing fee waived because he cannot afford it), Docket Item 9.

Because Williams already has paid the filing fee, his motion to proceed in forma pauperis, id., is denied without prejudice as moot.  But because the petition does not comply with the Rules Governing Section 2254 Cases in the United States District Court ("Habeas Rules"), this case cannot proceed unless Williams files an amended petition that complies with those rules within **30 days of the date of this order**.  Williams's motion for an expedited hearing and the appointment of counsel is denied without prejudice as premature.

---

[1] Williams filed this action in the Northern District of New York, Docket Item 1, but on July 2, 2025, it was transferred to this Court, Docket Item 6.

## DISCUSSION

When a state prisoner files a habeas petition under 28 U.S.C. § 2254, "[t]he initial question presented to a district judge is whether the petition alleges a deprivation of constitutional rights which would entitle the petitioner to be released from state custody." *U. S. ex rel. Holes v. Mancusi*, 423 F.2d 1137, 1141 (2d Cir. 1970). The Habeas Rules thus require litigants to include certain specific information in their petitions to enable courts to assess their claims. *See Mayle v. Felix*, 545 U.S. 644, 656 (2005). More specifically, Habeas Rule 2 requires that a petitioner (1) identify the state court judgment being challenged, (2) "specify all the grounds for relief available to the petitioner," (3) "state the facts supporting each ground," and (4) "state the relief requested." Habeas Rule 2(b), (c)(1)-(3).[2] Additionally, "[a] petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of each court." Habeas Rule 2(e); *see Kilgore v. Goodman*, 2024 WL 2818693, at *2 (N.D.N.Y. June 3, 2024) ("A single habeas petition cannot challenge multiple convictions." (quoting *Harris v. Suffolk County*, 2013 WL 5202802, at *2 (E.D.N.Y. Sept. 13, 2013))).

Williams's petition does not comply with these rules. *See* Docket Items 1 and 1-1. Instead, his filings—which span more than 350 pages—include a hodgepodge of allegations and exhibits, many of which appear to be entirely unrelated to any challenge

---

[2] The Habeas Rules also require that the petition "name as respondent the state officer who has custody" of the petitioner. Habeas Rule 2(a). Williams names Todd K. Baxter, the Monroe County Sheriff, as the sole respondent in this action, Docket Item 1, but as noted, Williams currently is in custody at Mid-State, which is overseen by Superintendent Thomas Delmar, *see* Mid-State Correctional Facility, "Overview," https://doccs.ny.gov/location/mid-state-correctional-facility (last visited Aug. 15, 2025). Williams shall name the proper respondent in any amended petition.

of a state court conviction.  *See* Docket Items 1 and 1-1.  Moreover, the petition appears to challenge two convictions—one from Monroe County Court and a second from Genesee County Court.  *See* Docket Item 1 at 48.  And it also seems to raise claims in connection with the conditions of Williams's confinement.  *See generally* Docket Items 1 and 1-1.

To the extent that Williams wishes to challenge multiple convictions, he must bring such challenges in separate petitions.  *See Kilgore*, 2024 WL 2818693, at *2.  And to the extent that he seeks to assert claims that do not challenge the fact or duration of his physical imprisonment, he must bring those claims in a separate action under 42 U.S.C. § 1983.  *See Muhammad v. Close*, 540 U.S. 749, 750 (2004) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus[;] requests for relief turning on circumstances of confinement may be presented in a [section] 1983 action." (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973))).

Because Williams's submission does not comply with the Habeas Rules or, indeed, allow this Court to address his habeas claims, his petition will be dismissed without prejudice unless he files an amended section 2254 petition within **30 days of the date of this order**.  And in light of this order, Williams's motion for an expedited hearing and the appointment of counsel is denied without prejudice to his renewing that request later.

## **ORDER**

In light of the above, IT IS HEREBY

ORDERED that Williams's motion to proceed in forma pauperis, Docket Item 9, is DENIED without prejudice as moot; and it is further

ORDERED that Williams's motion for an expedited hearing and appointment of counsel, Docket Item 8, also is DENIED without prejudice; and it is further

ORDERED that Williams may amend his petition within **30 days of the date of this order**; and it is further

ORDERED that the amended petition shall comply with the Habeas Rules as described in this order. More specifically, the amended petition shall be limited to challenging one conviction and shall identify the name and location of the particular court that entered the challenged judgment, the date of the judgment, and, if applicable, the offense(s) for which Williams was convicted and the length of the sentence imposed. The amended petition also shall include the steps Williams has taken to challenge the conviction in the state courts, including the date(s) of any appeals or state court proceedings challenging his conviction, the grounds raised in each application, and the date and disposition of each application; and it shall identify the federal constitutional grounds for challenging the conviction. Finally, the amended petition must be signed and dated; and it is further

ORDERED that the Clerk of the Court shall send Williams his petition, Docket Items 1 and 1-1, a blank section 2254 habeas petition form, and a copy of this order. The Clerk of the Court also shall send Williams a second blank section 2254 habeas

petition form in the event he seeks to initiate a separate federal habeas action challenging a second conviction;[3] and it is further

ORDERED that because Williams may be seeking to assert other constitutional claims, the Clerk of the Court also shall send Williams a blank section 1983 complaint form;[4] and it is further

ORDERED that if Williams does not file an amended petition **within 30 days of the date of this order**, the petition shall be dismissed without prejudice, and the Clerk of the Court shall close this case without further order; and it is further

---

[3] Any such action would require payment of the statutory filing fee or a properly supported application to proceed IFP. In addition, the Court advises Williams that the one-year limitations period within which to file a habeas petition is governed by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). More specifically, AEDPA provides that "[t]he limitations period shall run from the latest of":

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

[4] Any such action also would require payment of the required fees (the $350.00 filing fee and the $55.00 administrative fee) or a properly supported application to proceed IFP.

ORDERED that if the petition is dismissed because Williams does not file an amended petition, the Court also certifies under 28 U.S.C. § 2253(c)(2) that because the issues raised here are not the type of issues that a court could resolve in a different manner, and because these issues are not debatable among jurists of reason, the petitioner will have failed to make a substantial showing of the denial of a constitutional right. Accordingly, the Court denies a certificate of appealability. Williams must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within 30 days of the date of judgment in this action. Requests to proceed on appeal as a poor person must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

Dated:   August 15, 2025
          Buffalo, New York


 */s/ Lawrence J. Vilardo*
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE