UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CHAD S. WILLIAMS,

Petitioner,

v.

TODD K. BAXTER, Monroe County Sheriff,

Respondent.

25-CV-579-LJV
ORDER

The pro se petitioner, Chad S. Williams, commenced this action on June 16, 2025, by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Docket Items 1 and 1-1. That petition did not comply with the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"), however, so the Court ordered him to file an amended petition that did comply with the Habeas Rules. *See generally* Docket Item 10. More specifically, because Williams seemed to be challenging three separate convictions in one habeas proceeding, the Court instructed him that "the amended petition shall be limited to challenging one conviction and shall identify the name and location of the particular court that entered the challenged judgment, the date of the judgment, and, if applicable, the offense(s) for which Williams was convicted and the length of the sentence imposed." *Id.* at 4.[1]

Williams responded to that order by filing three new habeas petitions challenging three separate convictions. *See* Case No. 25-cv-861 (challenging rape conviction in

[1] Page numbers in docket citations refer to ECF pagination.

Monroe County Court), Case No. 25-cv-862 (challenging conviction for "possession of [a] control[l]ed substance" in Genesee County Court), and Case No. 25-cv-863 (challenging conviction for criminal possession of a weapon in New York State Supreme Court, Monroe County). About a week later, Williams moved "to excuse a procedural error regarding amending the [p]etition" because, he said, he had not intended to file the three separate petitions mentioned above. Docket Item 12 at 1-2. As best the Court could tell, Williams wanted the Court to "remove" those three petitions and "attach [each petition] as part of the amended petition" in this case. *See id.* at 3.

But as the Court explained in a text order, "including the three individual petitions, each of which challenges a different conviction, 'as part of the amended petition' would not solve the problem the Court identified in its prior order—that Williams cannot challenge multiple convictions as part of the same habeas petition." Docket Item 14 (citing Docket item 10 at 3); *see also Kilgore v. Goodman*, 2024 WL 2818693, at *2 (N.D.N.Y. June 3, 2024) ("A single habeas petition cannot challenge multiple convictions." (quoting *Harris v. Suffolk Cnty.*, 2013 WL 5202802, at *2 (E.D.N.Y. Sept. 13, 2013))). Accordingly, the Court instructed Williams to "submit one amended petition in this case that challenges only one conviction and otherwise complies with the Habeas Rules." Docket Item 14. The Court also told Williams to indicate whether he would also like to proceed with the three actions that had been opened for each of the three petitions he submitted. *Id.*

**<u>AMENDED PETITION</u>**

Williams then filed an "[a]mended petition" in this case indicating that the wanted "to proceed with the three recently-opened cases." Docket Item 20 at 1. But Williams

did not identify a separate conviction that he is challenging in this case. *See generally* Docket Item 20. Rather, he requested "that all exhibits and documents filed [in this case] be attached as exhibits to each of the three new cases." *Id.* at 1.

Based on Williams's request, the Court will consider documents filed in this case, to the extent appropriate, in his other cases. But because this case does not challenge a separate fourth conviction, the Clerk of Court shall close it unless Williams identifies another conviction he seeks to challenge in this matter **within 30 days of the date of this order**. The Court will issue separate orders in his three other cases.

Williams also has filed several motions, which this Court addresses below.

## MOTIONS

### I. MOTION "TO FILE A CIVIL CRIMINAL COMPLAINT"

Williams has moved "to file a civil criminal complaint against" Judge James E. Walsh, Jr., and his court reporter Susan Watts. Docket Item 25 at 1 (capitalization omitted). Because "[c]riminal actions in the federal courts are initiated by the United States Attorney" and cannot be initiated by private parties, *see Johnson v. Cuyahoga Cnty. CSEA*, 2021 WL 2826068, at *5 (N.D. Ohio July 7, 2021), that motion is denied to the extent it asks this Court to initiate criminal charges against Walsh and Watts. *See also Scott v. U.S. Dep't of Homeland Sec.*, 2024 WL 3338859, at *2 (D.D.C. July 9, 2024) ("Private parties lack both standing and a cause of action to enforce the criminal law." (alteration, citation, and internal quotation marks omitted)). And if Williams instead wants to bring a civil action against Judge Walsh and Watts, a habeas corpus petition is not the appropriate vehicle. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that

custody, and . . . the traditional function of the writ is to secure release from illegal custody.”). This motion is therefore denied.

## II. MOTIONS FOR STATE COURT TRANSCRIPTS

Williams also has filed two motions asking the Court to obtain transcripts from his various criminal proceedings in state court. *See* Docket Items 16 and 23. The Court construes those motions as requests for relevant records under 28 U.S.C. § 2250, which provides that “the clerk of any court of the United States shall furnish to” a habeas petitioner “without cost[,] certified copies of such documents or parts of the record on file in his office as may be required by order of the judge before whom the application [for a writ of habeas corpus] is pending.” 28 U.S.C. § 2250. “Courts in this Circuit discussing [that statute] have determined that two relevant factors must be considered: First, whether the petitioner has been permitted to proceed in forma pauperis; and second, whether [the] petitioner has demonstrated a sufficient need for the transcripts.” *Johnson v. Berbary*, 2010 WL 742196, at *1 (W.D.N.Y. Feb. 26, 2010) (collecting cases). Because Williams has not been granted permission to proceed in forma pauperis, *see* Docket Entry dated 7/2/2025 (noting filing fee paid), he generally is responsible for obtaining copies of the relevant transcripts. Thus, this motion is denied without prejudice. If Williams is granted permission in the future to proceed in forma pauperis in any of his open cases, he may bring a renewed motion. If Williams does bring such a renewed motion in any of his cases, he also must demonstrate a specific reason why he needs those transcripts.

## III. MOTIONS REGARDING TRANSFER TO THE SECOND CIRCUIT

In October 2025, Williams filed a motion seeking "transfer [of] this matter to the Second Circuit Court of Appeals," Docket Item 15, and another motion "to correct errors [and] move case to 2nd. Cir. [sic]," Docket Item 17 (capitalization omitted). On August 31, 2026, the Second Circuit issued a mandate indicating that Williams had "filed a petition for a writ of mandamus seeking to transfer his amended 28 U.S.C. § 2254 habeas petition and three other petitions he ha[d] filed in the Western District of New York to [the Second Circuit]." Docket Item 26 at 1. The Second Circuit denied the mandamus petition "without prejudice to renewal if the district court fails to take action on his amended [section] 2254 habeas petition and his three other pending [section] 2254 petitions within a reasonable time." *Id.* at 1-2. Accordingly, Williams's motions to transfer this case to the Second Circuit are denied as moot.

## IV. MOTIONS TO APPOINT COUNSEL

Williams requests that this Court appoint him an attorney. *See* Docket Item 18 at 2; Docket Item 19 at 1. Under 28 U.S.C. § 1915(e)(1), the Court may appoint counsel to assist indigent litigants. *See, e.g., Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988). It is well established that prisoners have no constitutional right to counsel when collaterally attacking their convictions, however. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Murray v. Giarratano*, 492 U.S. 1 (1989). Instead, appointment of counsel is generally within the court's discretion. *See In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984).

Habeas petitioners who qualify under the Criminal Justice Act are entitled to counsel if an evidentiary hearing is required. *See* Rules Governing Section 2254 Cases

in the United States District Courts, Rule 8(c); *see also Graham v. Portuondo*, 506 F.3d 105 (2d Cir. 2007). Here, however, it is too early to know whether an evidentiary hearing will be required; indeed, the state has not yet responded to the petition.[2] If, upon review, the Court determines that an evidentiary hearing is required in any of Williams's cases or that the interests of justice require appointment of counsel, the Court will appoint counsel at that time. In the meantime, Williams's motions to appoint counsel, Docket Item 18 and 19, are denied without prejudice.

## V. MOTIONS TO RETURN LEGAL DOCUMENTS

Finally, Williams contends that correctional officers wrongly confiscated his legal materials and asks this Court to order them to return the materials or he "will not be able to comply with this Court['s] 11/7/25 'deadline.'" *See* Docket Item 18 at 2; Docket Item 19 at 1. But Williams successfully filed an amended petition before the deadline, *see* Docket Item 20. Thus, the motions for return of property are denied without prejudice as moot.[3]

---

[2] In one of his submissions, Williams suggests that "counsel is being denied due to the fact that the court does not wish [him] to regain his freedom . . . due to various reasons, such as [Williams's] filing []judicial complaints." Docket Item 19 at 3. To be clear, this Court has no ill will towards Williams. The appointment of counsel simply is premature at this time. *See, e.g.*, *Hubbert v. New York*, 2020 WL 1820502, at *2 (W.D.N.Y. Apr. 10, 2020) (this Court's denying without prejudice appointment of counsel for section 2254 petition at early stage).

[3] Williams also asks this Court to "forgive . . . his emotional tirade" with respect to the alleged confiscation of his documents, which he says "triggered extreme, emotional[] disturbance." Docket Item 20 at 1. Williams need not apologize, and the Court does not hold any of Williams's statements about the confiscation of his legal documents against him.

## CONCLUSION

For the reasons explained above, Williams's motions "to file a civil criminal complaint," Docket Item 25; for state court transcripts, Docket Items 16 and 23; for transfer to the Second Circuit, Docket Items 15 and 17; and to appoint counsel and for return of legal documents, Docket Items 18 and 19, are DENIED.

Because this case does not challenge a separate conviction, the Clerk of Court shall close it unless Williams identifies another conviction he seeks to challenge in this matter **within 30 days of the date of this order**. The Court will issue separate orders in Williams's three other cases.

This Court hereby certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore denies leave to appeal as a poor person. *Coppedge v. United States*, 369 U.S. 438 (1962).

SO ORDERED.

Dated: September 28, 2026
Buffalo, New York

***/s/ Lawrence J. Vilardo***
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE